UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE SUPPORT GROUP, LLC,
d/b/a ASG RENAISSANCE and ASG
RENAISSANCE, LLC,

       Plaintiff,

v.

DALE HIGHTOWER and DON RAY
MCGOWAN III,

       Defendants.                            Case No. 11-11169
                                                               Honorable Patrick J. Duggan

and

DON RAY MCGOWAN III,

       Counter-Plaintiff,

v.

AUTOMOTIVE SUPPORT GROUP, LLC,
d/b/a ASG RENAISSANCE and ASG
RENAISSANCE, LLC,

       Counter-Defendant.
_____/

**OPINION AND ORDER GRANTING COUNTER-PLAINTIFF DON RAY
MCGOWAN III'S MOTION FOR SUMMARY JUDGMENT AS TO HIS CLAIM
AGAINST COUNTER-DEFENDANT AUTOMOTIVE SUPPORT GROUP, LLC**

       Presently before the Court is Counter-Plaintiff Don Ray McGowan III's motion for

summary judgment pursuant to Federal Rule of Civil Procedure 56 with respect to his

Counter-Complaint against Counter-Defendant Automotive Support Group, LLC

("ASG"). On this date, the Court issued an opinion and order addressing McGowan's

motion to the extent it seeks summary judgment with respect to ASG's Complaint against him. The Court presumes that the reader is familiar with the factual and procedural history set forth in that decision. Applying the summary judgment standard also set forth in that decision and for the reasons that follow, the Court now grants summary judgment to McGowan on his Counter-Complaint.

In his Counter-Complaint against ASG, McGowan asserts a breach of contract claim based on ASG's failure to pay him his final wages ($750.00) and severance ($2,500) as set forth in the parties' severance agreement. Relying on South Carolina law, Section 41-10-80(C) of the Code of Laws of South Carolina, McGowan claims that he is entitled to three times the full amount of his unpaid wages, plus costs and reasonable attorney's fees, as a result of ASG's failure to timely pay the wages due to him. In response, ASG argues that McGowan's breach of his employment agreement excuses its performance of the severance agreement and that South Carolina law does not apply, as the severance agreement by its terms is governed by Michigan law.

As concluded in the Court's decision granting summary judgment to McGowan on ASG's claims, ASG fails to demonstrate a genuine issue of material fact with respect to whether McGowan breached the employment agreement. The undisputed evidence indicates that he did not. Therefore, ASG has not shown that it is excused from performing its obligations under the severance agreement.

With respect to McGowan's unpaid wages, even apart from the severance agreement, those wages were due to McGowan pursuant to Section 41-10-40 of the South

Carolina Code because ASG was an employer in the State.  *See* S.C. Code Ann. § 41-10-20 (1976).  In other words, ASG was obligated under South Carolina law to pay all wages due to McGowan when it terminated his employment.  *See id*. §§ 41-10-40(a), 41-10-50.  The statute further provides that, where an employer fails to pay wages due, "the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."  *Id*. § 41-10-80(C).  The South Carolina courts have held that triple wages are permissive, rather than mandatory, where there is a bona fide dispute as to the wages due.  *See, e.g., Thoroughbred Indus., Inc. v. Warren*, 14 F. App'x 248, 250 (4th Cir. 2001); *Futch v. McAllister Towing of Georgetown, Inc.*, 518 S.E.2d 591 (S.C. 1999).  In light of this Court's finding that ASG has acted solely based upon speculation and suspicion, it concludes that there was no bona fide dispute concerning McGowan's entitlement to his wages and that McGowan therefore is entitled to triple wages.

Based on the above, the Court concludes that McGowan is entitled to summary judgment on his breach of contract claim against ASG.  McGowan is entitled to his severance, three times the amount of his unpaid wages, and costs and reasonable attorney's fees.

Accordingly,

**IT IS ORDERED**, that Counter-Plaintiff Don Ray McGowan III's Motion for Summary Judgment is **GRANTED** with respect to his Counter-Complaint against Counter-Defendant Automotive Support Group, LLC;

**IT IS FURTHER ORDERED**, that McGowan shall submit evidence of his reasonable fees and costs within fourteen (14) days of this Opinion and Order and the Court thereafter will enter a Judgment with respect to his Counter-Complaint.[1]

Date:  October 26, 2011

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1] On this date, the Court is entering separate Judgments with respect to ASG's Complaint against McGowan and ASG's Complaint against Hightower.