UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE SUPPORT GROUP, LLC,
d/b/a ASG RENAISSANCE and ASG
RENAISSANCE, LLC,

       Plaintiff,

v.

DALE HIGHTOWER and DON RAY
MCGOWAN III,

       Defendants.          Case No. 11-11169
                                          Honorable Patrick J. Duggan

and

DON RAY MCGOWAN III,

       Counter-Plaintiff,

v.

AUTOMOTIVE SUPPORT GROUP, LLC,
d/b/a ASG RENAISSANCE and ASG
RENAISSANCE, LLC,

       Counter-Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION FOR RECONSIDERATION
OR REDUCTION OF AWARD OF ATTORNEYS FEES AND COSTS AND
OBJECTION TO THE ATTORNEYS FEES AND COSTS CLAIMED BY
COUNSEL FOR DEFENDANT/COUNTER-PLAINTIFF
DON RAY MCGOWAN III**

Automotive Support Group, LLC ("ASG") initiated this action against its former

employees Dale Hightower ("Hightower") and Don Ray McGowan III ("McGowan")

(collectively "Defendants"), asserting several claims arising from Defendants' alleged breach of their employment contracts. Defendants worked for ASG in its South Carolina office. McGowan filed a Counter-Complaint against ASG, seeking unpaid wages and severance pay. He also sought treble damages, costs, and attorneys' fees pursuant to Section 41-10-80(C) of the Code of Laws of South Carolina.

McGowan filed a motion for summary judgment with respect to ASG's claims against him and his counter-claim against ASG. In an opinion and order entered October 26, 2011, this Court granted McGowan's motion. With respect to his Counter-Complaint, the Court held that McGowan is entitled to his severance ($2,500), three times the amount of his unpaid wages of $750.00 (i.e., $2,250), and costs and reasonable attorney's fees. The Court instructed McGowan to submit evidence of his reasonable fees and costs within fourteen days of its opinion and order. On November 4, 2011, McGowan submitted his notice of attorneys' fees and costs. In response to McGowan's submission, on November 8, 2011, ASG filed a "Motion for Reconsideration or Reduction of the Award of Attorneys Fees and Costs and Objection to the Attorneys Fees and Costs Claimed by Counsel for Defendant Don Ray McGowan III." McGowan filed responses to ASG's motion and objections on November 17, 2011.

### Requested Costs and Attorneys' Fees

According to McGowan's notice and the affidavit of his attorney Michael Yablonski attached thereto, McGowan's costs in this matter totaled $1,925.16. This amount reflects $868 paid to court reporters for deposition transcripts, $824.48 in round

trip travel expenses for Attorney Yablonski between Pittsburgh (where McGowan lives and Attorney Yablonski resides and works) and Detroit, and $232.68 in miscellaneous other expenses outlined in the attorney billing records attached to the notice.

McGowan further seeks an award of attorneys' fees totaling $67,788.15. This amount reflects attorneys' fees totaling $2,846.34 for counsel in Charleston, South Carolina, where ASG originally filed the action, $54,990 for Attorney Yablonski out of Pittsburgh, and $9.951.81 for local counsel in Detroit. Attached to McGowan's notice are itemized billing records from his various attorneys.

### ASG's Objections and the Court's Analysis

ASG first contends that McGowan is not entitled to an award of attorneys' fees, or at least the Court should limit its award, because McGowan is Attorney Yablonski's step-son.[1] ASG relatedly argues that there is no document evidencing McGowan's obligation to pay McGowan for his services and that Attorney Yablonski's billing statements appear to be reconstructions created as a result of the award of attorneys' fees to McGowan.

ASG cites no authority holding that a party is not entitled to an award of attorney's fees simply because the party is related to his or her lawyer. The Court does not believe that it matters whether McGowan was or was not obligated to pay Attorney Yablonski, as courts award attorney fees even to parties represented by *pro bono* counsel. *See, e.g., Career Agent Networks, Inc. v. Careeragentsnetworks.biz*, 722 F. Supp.2d 814, 824 n.6

---

[1] ASG asserts that McGowan is Attorney Yablonski's son-in-law. In reply, however, McGowan indicates that he instead is Attorney Yablonski's step-son.

(E.D. Mich. 2010) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S. Ct. 939 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a § 1983 action, calculated in the usual way"); *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541 (1984) ("In determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel . . . are employed by . . . a privately funded non-profit public interest law firm. It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling The them to the award of attorneys' fees.")

The Court finds no merit to ASG's criticism of Attorney Yablonski's billing records. The monthly Statement[s] of Services Rendered attached to Attorney Yablonski's affidavit track, by day, each individual task claimed to have been performed on McGowan's behalf in this litigation and identify the date when the task was performed and the amount of time.

ASG next contends that an award of attorneys' fees is inappropriate because this Court never found ASG's claims frivolous or devoid of merit as required under Rule 11 of the Federal Rules of Civil Procedure. This Court, however, did not award McGowan attorneys' fees and costs pursuant to Rule 11; rather, the Court's award was based on Section 41-10-80(C) of the Code of Laws of South Carolina. As discussed in this Court's opinion and order granting McGowan's motion for summary judgment on his counter-

claim, the South Carolina statute provides that, where an employer fails to pay wages due, "the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." (10/26/11 Op. and Order Granting at 3 [Doc. 48] (quoting S.C. Code Ann. § 41-10-80(C) (1976).) There is no requirement in the statute that, to award costs and fees, a court must find the withholding of the employee's wages to be frivolous or devoid of merit. Although the South Carolina courts have held that *triple wages* are permissive rather than mandatory where there is a bona fide dispute as to the wages due (*see id*. at 3 (citing cases)), this Court concluding in its October 26, 2011 opinion and order that "there was no bona fide dispute concerning McGowan's entitlement to his wages . . . ." (*Id.*)

ASG next contends that McGowan's claimed attorneys fees should not be awarded as the amount is grossly disproportionate to the unpaid wages and severance he sought to collect. On its face, McGowan's claim for unpaid wages and severance should have been a straight-forward matter not requiring the expenditure of significant hours by counsel (particularly as his claim was based on signed contracts, one of which memorialized ASG's promise to pay the severance sought). ASG, however, chose to defend against McGowan's right to wages and severance based on an alleged breach of his employment contract. The Court concludes that McGowan is entitled to the reasonable attorneys' fees and costs he incurred responding to ASG's defense to his counter-claim.

ASG contends that the hourly rate charged by Attorney Yablonski ($300) is not reasonable when compared to the fee customarily charged in the locality for similar legal

5

services.  "To determine the customary fee for similar legal services," ASG submits, the courts use reliable surveys or other credible evidence of the applicable legal market." (Doc. 51 at 6.)  According to ASG, the Court may consult the Michigan Bar Journal's "2010 Economics of Law Practice/ Attorney Income and Billing Rate Summary Report" (hereafter "Bar Journal's Billing Rate Report") to determine what a reasonable hourly rate might be in this case, and it attaches the report to its motion.  (*Id*. at 5; Ex. A.)

According to his affidavit, Attorney Yablonski has been practicing law for twenty-four years, representing clients in civil and commercial litigation matters.  (Doc. 50 Ex. 1 ¶ 2.)  His curriculum vitae reflects that he has been a solo practitioner since 2009; before then, he was a partner in a large law firm in Pittsburgh, Pennsylvania.  (Doc 52 Ex. 1.) The Bar Journal's Billing Rate Report reflects hourly rates ranging from $185 (25th percentile) to $450 (95th percentile) for attorneys in practice for sixteen to twenty-five years.  (Doc. 51 Ex. A at 7.)  The mean is $255 per hour.  (*Id*.)  Focusing on locality, an hourly billing rate of $290 is the mean in Detroit, with $375 in the 75th percentile and $525 in the 95th percentile.  (*Id*. at 9.)  The Bar Journal's Billing Rate Report further reflects a mean hourly rate of $260 for attorneys in the field of employment litigation (defendant), with $300 in the 75th percentile and $450 in the 95th percentile.  (*Id*. at 10.) These figures lead this Court to find Attorney Yablonski's hourly billing rate reasonable.

ASG next objects to specific entries on the billing invoices submitted by McGowan's attorneys.  With respect to Attorney Yablonski, these include:

•$5,700 billed on the March 2011 statement because ASG "would have

readily consented to removal of this action to the Eastern District of Michigan, had [ASG] only been asked" (Doc. 51 at 9);

•4/4/11 entry for 2.40 hours to review Michigan's wage collection statute, since it already had been determined that South Carolina law governed the collection of McGowan's wages;

•4/16/11 entry for 1.20 hours to "[r]eview rules on time to respond to amended complaint. E-mail to ASG demanding withdrawal of default" because, ASG argues, "[i]f Pittsburgh counsel is as experienced as he claims, necessitating the $300 hourly rate, this Court should assume that Pittsburgh counsel already knows the Federal Rules of Civil Procedure." (*Id*.)

•6/26/11 entry for travel to Detroit for depositions. ASG contends that because McGowan had local counsel at this time, it should not have to pay for travel time.

•6/28/11 entry for return travel to Pittsburgh because "Mr. Yablonski admitted he has family in the Detroit area, and he has come to Detroit to visit." (*Id*. at 10.)

•6/29/11 entry related to emails with counsel in Detroit and Charleston;

•Claimed mileage of $333.14, turnpike tolls of $32.00, and meal expenses of $52.30 on June 2011 statement, "because these claimed costs are the result of Defendant McGowan's choice to have the depositions conducted by counsel from Pittsburgh, instead of counsel located in Detroit, Michigan, whom he had already hired." (*Id*.);

•10/12/11 entry of .70 hours to "Review local court rules re: summary judgment argument. Email to local counsel regarding hearing" as "[t]his matter could have been handled by local counsel." (*Id*.)

•10/19/11 entry for "travel from Pittsburgh to Detroit for summary judgment argument" for the same reason stated above;

•10/20/11 entry for "travel from Detroit to Pittsburgh";

•Claimed mileage for $313.14, turnpike tolls of $32.00, and meals for $56.90 on the September 2011 statement, "because all of this could have

7

been handled by local counsel." (*Id*. at 11.)

Except for the comments below related to the motion to transfer venue, this Court finds no merit to ASG's complaints concerning the substantive work Attorney Yablonski performed (i.e., reviewing the Federal Rules of Civil Procedure and researching areas of law).

With respect to time expended with respect to the transfer venue motion, the local rules for the United States District Court for South Carolina, like the local rules in this District, contain a duty to consult opposing counsel prior to filing any motion (with limited exceptions not applicable here) "in good faith to resolve the matter contained in the motion." Local Civil Rule 7.02 DSC. ASG represents that McGowan's counsel never consulted with its counsel prior to filing the motion to transfer venue and, had his counsel done so, ASG would have readily consented to transfer the case to the Eastern District of Michigan. The Court therefore concludes that attorneys' fees related to the motion to transfer venue were not reasonably incurred. As such, the Court is deducting 9.90 hours (or $2,970.00) from Attorney Yablonski's billing in calculating McGowan's attorneys' fees award.[2] ASG's objections to hours incurred as a result of Attorney Yablonski's out-of-state status require further discussion.

The Sixth Circuit Court of Appeals has stated that "[a] party is free to choose

---

[2]Contrary to ASG's assertion, the March 2011 statement from Attorney Yablonski is not comprised solely of work related to the motion to transfer venue. As discussed *infra*, the Court will deduct the hours billed by McGowan's South Carolina counsel also related to this task.

whatever attorney it desires. The question is the reasonableness of the rate." *Hugh v. Olympia Ent't, Inc.*, 37 F. App'x 730, 740 n.7 (6th Cir. 2002). The appellate court has further stated that it is within a district court's discretion whether to award fees for an attorney's travel time. *See, e.g., Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Recently addressing fees and costs associated with a party's hiring of out-of-state counsel, this Court remarked that a court "may consider the length and nature of counsel's professional relationship with the client in determining whether a fee is reasonable." *Robert Bosch LLC v. A.B.S. Power Brake, Inc.*, No. 09-14468, 2011 WL 3758577, at *4 (E.D. Mich. Aug. 25, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9, 103 S. Ct. 1933, 1940 n.9 (1983)).

Here, ASG hired McGowan (then an Ohio resident) to work in South Carolina and prepared an employment contract that required disputes between the parties to be litigated in a Michigan court (the Circuit Court for Oakland County or the Eastern District, Southern Division). (*See* Doc. 34 Ex. F.) It was foreseeable that McGowan might hire an attorney in his locality to represent him in any dispute with ASG and that, therefore, his attorney would need to travel to litigate any dispute. McGowan hired his step-father, which this Court finds reasonable particularly in light of McGowan's unemployment at the time and asserted lack of funds to hire an attorney to respond to ASG's lawsuit. (*See* Doc. 52 at 4.) Had he hired an attorney in South Carolina or Michigan, the attorney would have billed for travel time to McGowan's location and, with the enforcement of the venue selection clause, to Michigan to litigate this action. The Court is unaware of any

case that prevents a client from having chosen counsel, as opposed to local counsel, conduct depositions and court hearings. The Court therefore concludes that McGowan is entitled to reimbursement for Attorney Yablonski's travel related expenses and the hours he billed for attending depositions and hearings in this District. *See EEOC v. Cintas Corp.*, Nos. 04–40132, 06–12311, 2011 WL 3359622, at *9 (E.D. Mich. Aug. 4, 2011) (holding that the defendant is entitled to recover its counsels' travel and related expenses, such as lodging, transportation, and meal costs. Reasoning that expenses incurred during travel are costs that are typically passed on to a fee-paying client and citing *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 530 (5th Cir.2001) and *Johnson v. Credit Intern., Inc.*, 257 F. App'x 8, 10 (9th Cir.2007)).

With respect to the fees and costs of McGowan's counsel in South Carolina, ASG objects to the following billing entries:

> •3/3/11 entry for PACER research related to Hightower, because a default judgment already had been entered against him and "it has nothing to do with McGowan's prosecution of his claims." (Doc. 51 at 11.);
>
> 3/4/11 entry for 1.00 hours at a $280 an hour billing rate related to the motion to transfer venue because ASG would have consented to transfer the case to the Eastern District of Michigan, had it been asked;
>
> •3/7/11 entry for .30 hours at a $280 an hour billing rate (amounting to $84.00) for a conference related to the motion to transfer;
>
> •all remaining entries on the March 2011 invoice relating to the motion to transfer venue;
>
> •billing entries related to Hightower's deposition, as they do not concern McGowan's claim for wages.

As discussed above, the Court is not including hours billed for the motion to transfer venue in McGowan's fee award. With respect to McGowan's South Carolina counsel, this accounts for $732.00 in attorney's fees (1.40 hours at an hourly rate of $280; .20 hours at an hourly rate of $170; and .90 hours at an hourly rate of $340). South Carolina counsel's billing entry on March 3, 2011, does not reflect PACER research simply regarding Hightower; rather it reflects a review of the case docket. Therefore ASG has not stated a reason for the Court to exclude these fees from McGowan's award. Contrary to ASG's assertion, Hightower's deposition testimony was relevant to McGowan's response to ASG's defense to his counter-claim and was submitted in support of McGowan's motion for summary judgment. Thus the Court concludes that South Carolina counsel's fees for attending Hightower's deposition also should be included in the fee award.

As to McGowan's local counsel in Detroit, ASG complains that counsel's work was duplicative of that performed by Attorney Yablonski and therefore the hours should be reduced from Attorney Yablonski's billing.[3] ASG identifies the following billing entries as duplicative:

> 4/11/11-4/12/11 entries for 3.00 and 2.00 hours, respectively, related to reviewing ASG's complaint and preparing the answer and counterclaim;
>
> 8/24/11, 8/30/11, 8/31/11 entries for 2.50, 1.10, and .50 hours, respectively,

---

[3]The Court surmises that ASG proposes a reduction of the hours billed by Attorney Yablonski rather than Detroit Counsel primarily because the hourly rate of Detroit counsel is lower.

11

> related to editing the motion for summary judgment;[4]
>
> 9/23/11 entry for 4.40 hours related to reviewing the amended motion for default judgment, corresponding with McGowan, and reviewing the court docket;
>
> 9/26/11 entry for 1.10 hours related to reviewing and editing the reply brief in support of McGowan's motion for summary judgment and corresponding with McGowan; and
>
> 10/20/11 entry for 2.80 hours related to preparing for the hearing on McGowan's summary judgment motion.

Related to this objection, ASG contends that any award should not include the fraction of the .50 billed by Detroit counsel on September 13, 2011, for conferences between counsel to discuss matters related to the case.

"Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)). Nevertheless, "'there is nothing inherently unreasonable about a client having multiple attorneys.'" *Id*. (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir.1988)). "For that reasons, a reduction for redundant hours 'is warranted only if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to

---

[4] ASG also contends that the time expended editing the motion for summary judgment on August 24 and 30, 2011 (2.50 and 1.10 hours, respectively) constitutes an inordinate amount of time for editing a motion and therefore asks the Court to reduce the amount of the award accordingly. Having reviewed the motion, this Court cannot agree and finds the time billed for this task to be reasonable.

12

the case and the customary practice of multiple-lawyer litigation.'" *Id*. (quoting *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir.1983)).

Considering the customary practice in this District and the quality of the work performed by McGowan's attorneys in this matter, the Court cannot find that it was unreasonable for more than one attorney to contribute to the preparation of the above pleadings and to review the amended default judgment motion. Moreover, the total time expended by McGowan's counsel on these tasks was not excessive. The Court therefore is not reducing McGowan's award on the basis of redundancy.

ASG raises additional objections to hours billed by McGowan's Detroit counsel. To start, ASG challenges 1.40 hours billed by counsel on April 4, 2011, for researching Michigan's Wage and Fringe Benefits Act. According to ASG, "at this point it had already been determined that South Carolina law applies." (Doc. 51 at 14.) As of April 4, 2011, however, McGowan had neither filed an Answer to the ASG's Complaint or Amended Complaint (the latter of which had been filed March 28, 2011), nor had he filed his Counter-Complaint. As noted earlier, McGowan's employment agreement with ASG contains a forum selection, identifying Michigan's Oakland County Circuit Court and the Eastern District of Michigan; however, the agreement contains no choice of law provision. ASG is a Michigan limited liability company. Under these circumstances, the Court is unsure why ASG claims that it had been determined by this point that South Carolina law applied to the dispute between ASG and McGowan. The Court therefore is not convinced that the hours billed researching Michigan law were unreasonable.

13

According to ASG, a number of hours McGowan's Detroit counsel billed constituted work that should have been done by a secretary:

> •9/6/11 entry of .50 hours to "[p]repare request for expanding folder for McGowan's Summary Judgment; organize same" (Doc. 50-6);[5]
>
> •9/13/11 entry of .50 hours to "[r]eceive and review electronic filing, ASG's Response to McGowan's Motion for Summary Judgment, print file-stamped copy for file; scan and email same to Client; and
>
> •.40 hours of a 1.00 hours entry on 9/14/11 related to preparing a letter to this Court and a second copy of McGowan's summary judgment motion to be delivered to chambers and placing a copy of same in the Client file.[6]

This Court agrees that the tasks completed on September 6 and 14, 2011, are more reasonably performed by a firm's secretarial staff rather than a lawyer. Reviewing the opposing party's response to a client's motion, however, is a task generally performed by a lawyer; printing, scanning, and emailing a copy to the client takes only seconds. The Court therefore will reduce by .90 hours, only, the time billed by Detroit counsel based on this objection. These hours were billed at an hourly rate of $130, resulting in a deduction of $117.00.

ASG's final objections to the hours billed by McGowan's counsel address 1.10 hours that Detroit counsel billed related to Attorney Yablonski's admission to the Eastern

---

[5]In its objections, ASG states that this billing entry is for 4.50 hours; in fact, it is only .50 hours. (*See* Doc. 50-6.)

[6]The courtesy copy of McGowan's summary judgment motion initially was hand-delivered to the magistrate judge's chambers assigned to this case. The copy never reached this Court's chambers. Thus this Court's staff contacted McGowan's local counsel to request a second courtesy copy.

14

District of Michigan: entries of .30 hours each on 9/20/11, 10/13/11, and 10/14/11 and an entry of .20 hours on 10/20/11. These 1.10 hours were billed at an hourly rate of $130. The Court agrees that these fees, totaling $143.00, should be excluded from the award of attorneys' fees to McGowan.

## Conclusion

For the reasons set forth above, this Court **DENIES** ASG's motion for reconsideration with respect to the Court's decision to award McGowan attorneys' fees and costs pursuant to Section 41-10-80(C) of the South Carolina Code. McGowan seeks attorneys' fees in the amount of $67,788.15 and costs in the amount of $1,925.16. Having reviewed McGowan's submissions detailing the hours billed and fees charged by his attorneys and ASG's objections thereto, the Court concludes that McGowan's requested costs were reasonably incurred and all but $3,962.00 in attorneys' fees were reasonably incurred. ASG's objections therefore are **GRANTED IN PART AND DENIED IN PART**. Stated differently, the Court concludes that McGowan is entitled to costs totaling $1,925.16 and attorneys' fees totaling $63,826.15, for an award of $65,751.31 .

A Judgment consistent with the Court's decision and its prior ruling on McGowan's motion for summary judgment shall issue.

**SO ORDERED**.

Dated: January 6, 2012        s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record